No. 4284.

(Court of Appeal, Parish of Orleans.)

## FRANK SHARP, VS. MILLIKEN BROTHERS INCORPORATED.

Issues of fact only are involved in this cause.

Appeal from Civil District Court, Division "E."

Dinkelspiel, Hart & Davey, A. D. Danziger, Plaintiff and Appellant.

Howe, Spencer & Cocke, Defendants and Appellee.

MOORE, J. The plaintiff sues for damages to a building and for deprivation of rent which has been occasioned thereby.

The damages are alleged to have been caused by the piling of heavy building materials on the sidewalk in front of plaintiff's building which caused the side-walk to sink and the side-walk of petitioner's property to crack, sink and fall out of plumb.

The answer admits the storing of materials on the side-walk as stated in the petition but avers that the storing was done with the consent of the plaintiff and denies that any damage whatsoever was caused by said storing.

There was judgment rejecting plaintiff's demand as far as concerns his claim for loss of rent and non-suiting him on his claim for damages to the property. From this judgment he takes this appeal which is answered by the appellee praying an amendment in their favor, seeking thereby an absolute rejection of plaintiff's demand.

We have carefully considered the evidence in this case which we find in some instances to be vague, general and conjectural and in other instances contradictory. It is impossible for us to determine by it whether the damage to plaintiff's building was caused by piling the materials on the side walk or was the result of natural causes for which of course, the defendant is not responsible. The evidence preponderates as to the fact that the building was damaged before the acts complained of were committed by defendants. But whether the damage was augmented by piling heavy materials on the side walk or was the result partly of original defects in construction and partly by the making of excavations for a neighboring building by defendants, and which

33

excavation was done with reasonable care and skill, the witnesses do not agree and it is difficult to determine. Our esteemed brother of the District Court who heard the witnesses and saw them testify was unable to reconcile their conflicting views and opinions as to the real cause of damage and non-suited plaintiff. This Judgment we think was the proper one, and it is affirmed.

November 25, 1907.